UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John R. Griffin, Jr.

    v.                                 Civil No. 17-cv-194-PB
                                          Opinion No. 2017 DNH 200
N.H. Department of Corrections
and Ashlyn St. Germain


## REPORT AND RECOMMENDATION

Before the court is plaintiff John R. Griffin, Jr.'s complaint (Doc. No. 1) asserting claims against the New Hampshire Department of Corrections ("DOC") and Ashlyn St. Germain, Executive Assistant to the New Hampshire Adult Parole Board ("APB"). Also pending is Griffin's motion for summary judgment (Doc. No. 6), filed before defendants have appeared.

## Background

In June 2016, Griffin's parole from an underlying state sentence was revoked, and Griffin was incarcerated at the New Hampshire State Prison ("NHSP") after the revocation. In November 2016, Griffin appeared before the APB and was approved for reparole, subject to certain conditions. Documents in the record indicate that in November 2016, the APB authorized Griffin to be released on parole on the conditions that he have

an approved housing plan, and remain free of disciplinary infractions for a period of time.  See St. Germain, Apr. 28, 2017 Response to Apr. 25, 2017 Inmate Request Slip ("IRS") (Doc. No. 1, at 9); St. Germain, Apr. 7, 2017 Response to Apr. 4, 2017 IRS (Doc. No. 1, at 17).

On March 28, 2017, Griffin submitted an IRS to the APB, requesting a parole rehearing in May 2017, six months after the November 2016 hearing.  See Griffin, Mar. 28, 2017 IRS ("March 28 IRS") (Doc. No. 1, at 19).  Griffin asserted in the IRS that although he had been paroled, subject to conditions, the condition that his release be delayed until he had an "approved housing plan" discriminated against him because of his inability to pay for housing.  Id.  He further asserted that the underlying June 2016 revocation of his parole (which preceded the November 2016 conditional re-parole decision), in his view, was obtained in violation of his federal rights.  St. Germain, on behalf of the APB Office, responded that she wanted Griffin to tell her what the goal of a new hearing would be, since he had already been granted parole and "another hearing is not going to do anything" for his lack of housing.  St. Germain, Mar. 31, 2017 Response ("March 31 response") to March 28 IRS (Doc. No. 1, at 19).

In April 2017, Griffin submitted multiple requests for a new APB hearing, stating that he intended to seek

reconsideration of the APB's June 2016 revocation of his parole, because he believed the revocation was obtained in violation of his federal rights, see Apr. 4, 2017 IRS (Doc. No. 1, at 17); that he was suing state officers for damages relating to the June 2016 parole revocation, see Apr. 9, 2017 IRS (Doc. No. 1, at 11); and that he was entitled to a six-month statutory review hearing before the APB, see Apr. 25, 2017 IRS (Doc. No. 1, at 9).  St. Germain, on behalf of the APB, responded by stating that the courts would evaluate his claims regarding the June 2016 revocation; and that the six-month statutory review procedure under N.H. Rev. Stat. Ann. ("RSA") § 651-A:19, IV, was designed for inmates who remained subject to an extended term of incarceration for a parole violation, while he, in contrast, had already been approved for release on parole, subject to conditions, in November 2016.

Griffin filed a complaint in this case asserting that the decision to deny him a hearing violated his rights under RSA § 651-A:19, VI; and also violated his rights to due process under the Fourteenth Amendment.  Griffin further asserts that he was denied a hearing in May 2017 in retaliation for his exercise of First Amendment rights, in suing DOC parole officers in a separate case.  Citing 42 U.S.C. § 1983, Griffin seeks damages and an APB hearing.  Griffin moved for summary judgment on his claims, before this court completed its preliminary review of

his claims.  See Doc. No. 6.

**Discussion**

I.  Preliminary Review

    A.  Standard

The magistrate judge in this court conducts a preliminary review of prisoner complaints filed in forma pauperis.  See LR 4.3(d)(1).  The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

    B.  Eleventh Amendment

Griffin names a state agency, the DOC, as a defendant to his claims for injunctive relief.  "A state's immunity under the Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some other type of relief."  New

Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004). Griffin's claims against the DOC for damages and injunctive relief should be dismissed as barred by the Eleventh Amendment.

   C.   First Amendment Retaliation

Griffin asserts First Amendment retaliation claims against St. Germain. To state such a claim, Griffin must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered adverse action at the hands of the defendant; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). De minimis adverse actions taken in response to protected speech are not actionable. See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006). An adverse act is not de minimis, however, if it would deter an individual of ordinary firmness from exercising his or her First Amendment rights. See id.; see also Starr v. Dube, 334 F. App'x 341, 342-43 (1st Cir. 2009).

Griffin asserts that the decision to deny him a six-month review hearing before the APB in May 2017 was taken in retaliation for his filing of a lawsuit against parole officers. Nothing in the record, however, undermines St. Germain's assertion in her March 31 response to Griffin's March 28 IRS,

that if a rehearing were granted, it would not alter Griffin's circumstances, as the APB would not revisit its requirement that Griffin have an approved housing plan before he could be released on parole.  Cf. N.H. Admin. R., Par 301.03(b)(2) (APB "shall consider" residence, neighborhood, and community in which inmate intends to live, as factors in determining whether to release inmate on parole).  No inmate of ordinary firmness, already approved for parole, subject to an as-yet unsatisfied condition that would not be revisited, would be deterred from engaging in First Amendment activity by the threat that he would be denied a rehearing that would not affect that condition.  Accordingly, the district judge should dismiss Griffin's First Amendment retaliation claim as Griffin has failed to demonstrate that any non-de minimis adverse act was taken against him in response to his exercise of First Amendment rights.

    D.    <u>Fourteenth Amendment Due Process</u>

Griffin has asserted that the failure to afford him a hearing before the APB in May 2017 violated his due process rights under the Fourteenth Amendment.  In particular, Griffin argues that he had a statutory right to a hearing, under RSA § 651-A:19, VI, and that the denial of that right deprived him of due process of law.

The Fourteenth Amendment's requirements of due process

6

apply only to the deprivation of constitutionally protected interests in life, liberty, or property. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976). While state law can create a protected liberty interest, it is also possible for state laws to require state agencies to follow procedures that exceed the requirements of the Fourteenth Amendment's Due Process Clause. See Whalen v. Mass. Tr. Ct., 397 F.3d 19, 26 n.6 (1st Cir. 2005) (claims "'involving state procedural guarantees that are above and beyond constitutional due process requirements' are not properly before a court examining an alleged deprivation of a plaintiff's federal due process rights" (citation omitted)). In other words, the existence of a right to state procedural protections does not by itself establish the existence of a protected liberty or property interest.

Griffin's due process claim, to be actionable, relies on the premise that an inmate incarcerated on a parole violation in New Hampshire has a liberty interest in a hearing, six months after being recommitted for that parole violation. If the court were to assume, for purposes of this preliminary review, that state law grants an inmate in Griffin's circumstances a right to a hearing, the court would not be bound to find that the right to a hearing is protected and enforceable under the Fourteenth Amendment.

A convicted person serving a valid sentence of

7

incarceration has no federal constitutional right to release from incarceration, on parole or otherwise, "'before the expiration of a valid sentence.'" González-Fuentes v. Molina, 607 F.3d 864, 886 (1st Cir. 2010) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). A right to parole under the Fourteenth Amendment's Due Process Clause exists only if state law creates that right, see Sandin v. Conner, 515 U.S. 472, 483–84 (1995); Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995), and, in general, "[t]here is no right to parole in New Hampshire." In re Warden, 168 N.H. 9, 14, 119 A.3d 862, 866 (2015).

Griffin's situation is essentially that of an inmate serving a valid sentence who is not presently eligible for release on parole, as he has not satisfied a condition antecedent to his release. As Griffin does not have a state-created liberty interest in parole that is protected by the Fourteenth Amendment, see Chartier v. N.H. Dep't of Corr., No. 16-cv-127-PB, 2016 WL 3001274, at *3, 2016 U.S. Dist. LEXIS 64631, at *6 (D.N.H. Apr. 14, 2016), R&R approved, No. 16-cv-127-PB, 2016 WL 2888976, at *1, 2016 U.S. Dist. LEXIS 64635, at *1 (D.N.H. May 17, 2016), the Fourteenth Amendment Due Process Clause does not require the state to provide him with a six-month review hearing to reassess the conditions upon which his release on parole would be authorized. Accordingly, Griffin's

due process claim should be dismissed for failure to state a federal claim upon which relief can be granted.

E.  Claim under RSA § 651-A:19, IV

Griffin claims that defendants violated RSA § 651-A:19, IV, in failing to afford him a hearing before the APB in May 2017. This state law claim should be dismissed without prejudice to refiling in a state court action, as Griffin has failed to state any related claim for relief within this court's original jurisdiction. See 28 U.S.C. § 1367(c)(3).

II. Summary Judgment Motion

Griffin moves for summary judgment on claims that this court should dismiss, for reasons set forth above. Accordingly, Griffin's motion for summary judgment should be denied without prejudice to refiling if the district judge does not accept the recommendation that this action be dismissed in its entirety.

**Conclusion**

For the foregoing reasons, the district judge should: 1) dismiss all claims in this action, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2); 2) deny Griffin's motion for summary judgment (Doc. No. 6), without prejudice to refiling if this action is not dismissed; and 3) dismiss Griffin's state law

9

claims, asserting a violation of his rights under RSA § 651-A:19, IV, without prejudice to refiling in a state court case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

             *[signature: Andrea K. Johnstone]*
 _____
             Andrea K. Johnstone
             United States Magistrate Judge

September 21, 2017

cc:   John R. Griffin, Jr., pro se